IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOUGLAS DAVIS** : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 12-2621 |
| **CAROLYN COLVIN,** : | |
| **Acting Commissioner of the Social** : | |
| **Security Administration** : | |

## ORDER

Plaintiff Douglas Davis objects to a Report and Recommendation ("R&R") that this Court should affirm the decision of the Administrative Law Judge ("ALJ") that he is not "disabled" within the meaning of the Social Security Act.[1] For the reasons that follow the R&R will be approved and adopted in part and rejected in part, and the case will be remanded to the Social Security Administration.

The ALJ applied the proper five-step process to evaluate Plaintiff's disability. The steps require inquiry into whether: (1) the plaintiff is gainfully employed; (2) the plaintiff suffers a severe medical impairment; (3) the impairment satisfies 20 C.F.R. § 404, Subpart P, Appendix 1; (4) the plaintiff has the residual functional capacity ("RFC") to perform relevant past work; and (5) whether there is a significant number of jobs in the national economy that plaintiff has the RFC to perform.

The parties agree that plaintiff satisfies steps (1) and (2). Plaintiff does not object to the ALJ's conclusion that his impairment does not satisfy step (3) and that therefore the ALJ needed to perform an RFC analysis. Plaintiff does not object to the ALJ's conclusion at step (4) that Plaintiff cannot perform past relevant work. Plaintiff does object, however, to the ALJ's RFC

---

[1] 42 U.S.C. §§ 216(i) & 223(d).

analysis which informed the ALJ's conclusion at step (5) that there is a significant number of jobs in the national economy that are suited to Plaintiff.

Plaintiff suffers from degenerative disc disease of the spine, internal derangement of the left knee, and carpal tunnel syndrome, all impairments which the ALJ deemed "severe" at step (2).[2] He also suffers from bipolar disorder and trigeminal neuralgia, impairments the ALJ deemed "non-severe."[3] Plaintiff objects that the ALJ failed to conclude that these latter two impairments "either alone or in combination, were also severe."[4] However, as the Government properly notes, even if this conclusion was erroneous, such error was harmless because the ALJ concluded Plaintiff was severely impaired and therefore moved on to step (3).

Plaintiff also objects that the ALJ ought to have considered his non-severe impairments in performing the RFC analysis. The Government responds that "Plaintiff failed to articulate any specific additional functional limitations resulting from these impairments that were not included in the residual functional capacity assessment."[5] But Plaintiff did articulate additional functional limitations: his bipolar disorder limited his "concentration, persistence, and pace," which are indeed "essential functions in any work setting."[6] And he allegedly suffered from unpredictable

---

[2] R. at 23.

[3] *Id.* at 23–24. In Plaintiff's Brief, he alleges that he also has complex partial seizure disorder, but he does not point to record evidence of this disorder, which is not discussed in the ALJ's decision.

[4] Pl. Br. at 26.

[5] Gov't Br. at 10. Plaintiff makes several other arguments that lack merit. The R&R properly concluded that the ALJ's credibility determinations with respect to Plaintiff's physical limitations are entitled to great deference and that they were supported by substantial evidence. R& R 25–44. Furthermore, to the extent that the ALJ did not discuss every piece of record evidence, assuming the alleged omissions Plaintiff pointed to were made in error, such error was harmless in light of the substantial medical evidence supporting the ALJ's conclusion with respect to Plaintiff's credibility. The R&R also properly concluded that substantial evidence supported the weight the ALJ allocated to the opinion testimony of treating physicians and to other medical evidence of record. *Id.* at 44–54. The R&R was also correct to conclude that Plaintiff's argument that the ALJ's determinations were not based on substantial evidence ("Issue (E)") was insufficient to grant Plaintiff relief. Plaintiff's argument at most rehashes his contentions with respect to the ALJ's credibility determination and the question posed to the vocational expert.

[6] Pl. Br. at 26

attacks of pain from his trigeminal neuralgia that limited his ability to sleep and caused him to break his foot.[7]

"In determining a claimant's residual functional capacity, all of the claimant's impairments, including those not considered 'severe' must be considered."[8] The ALJ in this case recited that "[l]imitations associated with [Plaintiff's] non-severe impairment [neuralgia] have . . . been incorporated in the formulation of the residual functional capacity," and "the following residual functional capacity assessment reflects the degree of limitation the [ALJ] has found" in analyzing Plaintiff's bipolar disorder. Despite these conclusory statements and other glancing references to the "entire record,"[9] there is no indication in the RFC analysis itself that the ALJ considered either Plaintiff's neuralgia or his bipolar disorder.[10] The RFC considers in detail Plaintiff's symptoms of physical pain associated with his severe impairments, but by failing to discuss in other than conclusory language Plaintiff's neuralgia and bipolar disorder, there is no meaningful evidence that the ALJ complied with Social Security Ruling 96-8p: "In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"[11]

This Court cannot hold that the ALJ's error was harmless.[12] After discussing Plaintiff's symptoms of pain in his leg, shoulder, neck, and thumb, the ALJ concluded that "[i]f, in fact,

---

[7] *Id.* at 27.

[8] *Schuster v. Astrue*, 879 F. Supp. 2d 461, 469 (E.D. Pa. 2012) (citing 20 C.F.R. § 416.945(a)(2)).

[9] *E.g.*, R. at 28.

[10] R. at 28–32.

[11] 61 F.R. 34474-01, codified in relevant part at 20 C.F.R. § 416.945(a)(2).

[12] *Cf. Wensel v. Dir., Office of Workers' Comp. Programs, U.S. Dep't of Labor*, 888 F.2d 14, 17 (3d Cir. 1989) ("Until the ALJ again reviews the evidence and properly advises us of the reasons for whatever decision he reaches on remand, we cannot decide whether this error was harmless.")

claimant does virtually nothing, and is assisted in all activities by his children, parents and ex-spouse, it is not accepted that this is for reasons related to any impairment, as the evidence as a whole indicates a greater level of functioning than that asserted by the claimant and his witness."[13] But if the ALJ had considered Plaintiff's bipolar disorder and neuralgia, the ALJ may have concluded that Plaintiff's cumulative impairments were consistent with his testimony about his level of functioning.

Therefore, this **13th** day of **August 2014**, after careful review and independent consideration of Plaintiff's request for review, Defendant's response, the Report and Recommendation of United States Magistrate Judge M. Faith Angell ("R&R"), and Plaintiff's Objections thereto, it is hereby **ORDERED** that:

1. The Clerk of Court is directed to remove this action from the suspense docket and return it to the active docket;

2. The Report and Recommendation is **APPROVED** and **ADOPTED in part** and **REJECTED in part**;

3. Plaintiff's Objections are **OVERRULED in part** and **SUSTAINED in part**; and

4. This case is **REMANDED** to the Social Security Administration for further proceedings consistent with this Order.

It is so **ORDERED**.

        BY THE COURT:

        /s/ Cynthia M. Rufe

        _____
        **CYNTHIA M. RUFE, J.**

---

[13] R. at 32.